504 A.2d 427

Pamela Ford, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 17, 1984, before Judges WILLIAMS, DOYLE and BARRY. Reargued May 8, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, DOYLE, BARRY and PALLADINO.

*John Stember,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, February 10, 1986:

Pamela Ford (Claimant) appeals from a decision of the Unemployment Compensation Board of Review which reversed a referee's decision and denied her un-

employment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] For the reasons set forth below, we affirm.

Claimant was employed as a bookkeeper for Alexander's Market (Employer) from March of 1981 to May 28, 1981. The Employer discharged Claimant for stealing money when a cash shortage of approximately $1,100.00 was discovered. The referee concluded that the Employer did not meet his burden of proving that Claimant was responsible for the money being missing. The record revealed that cash shortages occurred prior to Claimant's hiring, during days when Claimant was not at work, and during those times when the office safe and office were open and accessible to a large number of persons. The referee held that he could not conclude that Claimant's discharge was the result of willful misconduct connected with her work, and granted benefits.

The Board reversed and denied benefits, concluding that the evidence, although circumstantial, was sufficient to support a finding that Claimant misappropriated the Employer's cash.

In this appeal, Claimant argues that the evidence does not support the Board's conclusion that she was responsible for the money's disappearance. We must disagree. Although the majority of the evidence is circumstantial, we conclude that it is sufficient to justify the Employer's dismissal of Claimant for willful misconduct.

The Board found[2] that adding machine tapes, made by Claimant as part of her nightly bookkeeping, in-

---

[1] Act of December 6, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] The Supreme Court of Pennsylvania has recently affirmed the rule that the Unemployment Compensation Board is the ultimate finder of fact. *Peak v. Unemployment Compensation Board of Review* 509 Pa. 267, 501 A.2d 1383 (1985).

cluded a figure which was exactly equal to the amount missing. This entry was made, presumably, to cover the missing money. Because the Employer's wife was also a bookkeeper, and supervised the safe where the money was kept during the day in question, the Board concluded that Claimant had misappropriated the Employer's cash.

This evidence, along with the testimony of the Employer's wife, constitutes substantial evidence to support the Board's findings.

Because we find no error of law or finding of fact not supported by substantial evidence, we affirm the Board's decision denying benefits to Claimant on the basis of willful misconduct.

### ORDER

AND Now, February 10, 1986, the decision of the Unemployment Compensation Board of Review at No. B-200000, dated October 6, 1981, is affirmed.

Judge BARRY dissents.