533 A.2d 1087

Commonwealth of Pennsylvania, Office of Attorney General, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 9, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Amy Zapp,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General Chief, Litigation Section, *LeRoy S. Zimmerman,* Attorney General, for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, November 20, 1987:

The Commonwealth of Pennsylvania, Office of Attorney General (Petitioner) appeals from an order of the Unemployment Compensation Board of Review which reversed the referee's finding of willful misconduct[1] and awarded unemployment compensation benefits to Ronald M. Losoncy (Claimant).

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant worked as a Medicaid Fraud Investigator in the Norristown office of Petitioner's Medicaid Fraud Control Section. In March of 1984, Petitioner began an investigation into Claimant's use of demerol. Pursuant to that investigation, two meetings were held with Claimant, one on March 23, 1984 and another on April 26, 1984. At both meetings, Claimant was asked about his use of demerol.

Only Petitioner presented evidence and testimony before the referee.[2] Based on that evidence and testimony, the referee found that Claimant knowingly lied to Petitioner and knowingly tried to mislead or misinform Petitioner. Referee's Findings of Fact, Nos. 10 and 12. The referee concluded Claimant's actions were in disregard of the standards of behavior which an employer reasonably expects of an employee and, therefore, constituted willful misconduct within the meaning of Section 402(e). Consequently, the referee denied benefits.

Claimant appealed, and the Board reversed the referee, specifically finding that "Claimant did not knowingly provide misleading information to the employer relative to his use of demerol." Board Finding of Fact # 9. Based on this finding, the Board concluded that Petitioner had not met its burden of proving willful misconduct and, therefore, awarded benefits.[3]

On appeal to this Court, Petitioner argues the Board erred as a matter of law in reversing the referee's deci-

---

[2] Claimant appeared at the hearing and requested a continuance. The referee denied Claimant's request. N.T. at 1-9. Following the denial of the continuance, Claimant left the hearing. N.T. at 9. And, although Claimant filed an appeal with the Board, he did not file a brief, nor did he or his counsel appear at oral argument before the Board, despite a rescheduling granted to accommodate Claimant's attorney.

[3] Board member Kenneth P. Bayless did not concur with the decision of the Board.

sion. Specifically, Petitioner contends it was error for the Board to disregard the referee's findings of fact, without stating its reasons for doing so, where only Petitioner presented evidence and testimony before the referee and the Board heard no additional testimony. We note that the question of whether Claimant knowingly misled and lied to Petitioner is fundamental to a finding of willful misconduct.[4] The referee found Claimant did while the Board found he did not.

In unemployment compensation cases, the Board is the ultimate finder of fact. *Ford v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 104, 105 n. 2, 504 A.2d 427, 428 n. 2 (1986). However, in *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982), our Supreme Court indicated that the Board's power is not unlimited. *Treon* stands for the proposition that where the referee's findings are based on uncontradicted evidence, the Board is not free to disregard those findings. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985); *Brocker Mfg. and Supply Co. v. Unemployment Compensation Board of Review*, 94 Pa. Commonwealth Ct. 628, 504 A.2d 413 (1986). This is not to say that the Board *cannot* make findings different from those of the referee. *See Peak.* In fact, even where the referee's decision is based on consistent and uncontradicted testimony, the Board may still reverse in two situations: 1) when the Board sets forth its reasons for reversal or 2) the reason for reversal is clear from the record. *Peak.*

The instant case falls within the narrow purview of the *Treon* decision. The referee's finding that Claimant knowingly lied and provided inconsistent and contradic-

---

[4] It is not disputed, nor could it be, that making intentional misrepresentations to the employer constitutes willful misconduct.

tory responses during the investigation into his drug use is supported by the evidence and testimony offered by Petitioner. The reason for the Board's reversal is not "plain enough" from the record, and the Board has not set forth its reasons for reversal. As the Supreme Court stated in *Peak:* "To the extent Treon does impose . . . a requirement [that the Board set forth its reasons for reversal], its purpose is to ensure an adequate basis for judicial review. On this record, the Board's reason for reversing the referee is plain enough. Unlike the referee, it chose to believe the employer, not the employee." *Peak*, 509 Pa. at 273, 501 A.2d at 1387. In the present case, only the employer presented testimony. One might argue that the Board's reason for reversal is "plain enough" and is simply an indication that the Board chose to disbelieve employer's testimony. However, such a holding would make *Treon* a nullity.

Because we are unable to determine *why* the Board reversed the referee, there is not an adequate basis for judicial review. Accordingly, we are constrained to remand to the Board so it may set forth its reasons for reversing the referee, in accordance with *Treon*.

### ORDER

AND NOW, November 20, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.