560 A.2d 300

**Paul GRECO, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 15, 1989.

Decided June 20, 1989.

Alan R. Gilbert, Lancaster, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, James K. Bradley, Asst. Counsel, Harrisburg, for respondent.

Before PALLADINO and SMITH, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Paul Greco petitions for review of a decision by the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying unemployment compensation benefits to Greco. We affirm.

Greco was employed by Berks Visiting Nurse Association (employer) on September 15, 1986, as a supervisor of social work services. Greco's job title was later changed to manager of social work services, but his duties remained the same. These duties included field supervision of staff social workers, as well as carrying a caseload.

Greco failed to perform either of these duties, and on April 30, 1987, was advised by the employer that he must at least begin to perform field supervision. On May 18, 1987, Greco was again advised that he must begin field supervision. Additionally, he was warned that he needed to become more accessible during work hours. All of these problems were again discussed with Greco in the context of his formal evaluation on July 14, 1987.

On September 28, 1987, one of the social workers on Greco's staff, Kay Schlegal, resigned. Following an investigation, the employer discovered that the social worker had never been properly oriented or trained for the job, one of Greco's responsibilities.

Greco met with the employer on October 8, 1987, at which time Greco was informed that he was being demoted from his position as manager of social work services, and reassigned to a staff position as a medical social worker. The employer advised Greco that the demotion was not a termination, but a reassignment; Greco vacated his office and, thereafter, failed to report for work.

Greco filed for unemployment compensation benefits with the Office of Employment Security (OES) which issued a notice of determination denying benefits pursuant to section 402(b) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b) (voluntary quit). Greco appealed this decision, and a hearing was held before the referee on November 30, 1987. The denial of benefits by OES was affirmed. On appeal to the Board, the findings and conclusions of the referee were adopted and affirmed. Greco now appeals to this court.

■ Our scope of review in unemployment compensation cases is limited to determining whether the findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights were violated. *Placek v. Unemployment Compensation Board of Review*, 116 Pa. Commonwealth Ct. 475, 542 A.2d 196 (1988).

■ Greco initially contends that the referee improperly decided the case on the theory that Greco's demotion was justified. 34 Pa.Code § 101.87 provides that the referee may only consider the issues expressly ruled upon by OES. Greco argues that because OES decided he had voluntarily quit without a cause of a necessitous and compelling nature, the referee improperly decided the case on the basis that Greco's demotion was justified.

Cause of a necessitous and compelling nature has been defined as "cause which results from over powering circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person to act in the same manner." *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 109 Pa.Commonwealth Ct. 191, 195, 531 A.2d 60, 61 (1987). This court has previously held that an unjustified demotion constitutes a cause of a necessitous and compelling nature. *Southeastern* at 198, 531 A.2d at 63; *Frankford Hospital v. Unemployment Compensation Board of Review*, 66 Pa.Commonwealth Ct. 452, 454, 445 A.2d 256, 257 (1982).

In order for OES to reach its decision that Greco had voluntarily quit without cause of a necessitous and compelling nature for purposes of section 402(b) of the Law, OES necessarily had to address the underlying issue of whether Greco's demotion was justified. Greco raised the issue of unjustified demotion with OES in his initial interview, in which Greco explained that he had received his yearly evaluation which demoted him from a managerial to staff

position.  He further stated to OES that the evaluation was erroneous.  The demotion was raised with OES in the context of the voluntary quit issue, and was necessarily resolved in order for OES to conclude Greco had voluntarily quit.  Although OES does not mention the demotion issue, a determination of voluntary quit required a resolution of the demotion issue.  We note that the Department is deemed to have ruled on all matters and issues relative to a claim for benefits.  34 Pa.Code § 101.87.

The referee's decision, like that of OES, hinged on a determination of the voluntary quit issue pursuant to section 402(b) of the Law.  The question of justified demotion was properly before the referee as an integral part of the voluntary quit determination.  Accordingly, we conclude that the referee did not consider any issues not addressed by OES.

■ Greco next claims the employer was not justified in demoting him from his managerial position.  The referee, whose findings were adopted by the Board, found the demotion was justified, in that Greco was not performing his job as manager.  Specifically, Greco was not performing any field supervision, although he had been advised on several occasions to do so.  While Greco claims that these findings are not supported by the record, our review demonstrates otherwise.

Lucille Gough, president of the employer, testified that Greco was specifically instructed in the hiring process concerning his duties with respect to field supervision.  The subject of field supervision was raised in both April and May meetings with Greco, at which time he indicated he did not want to do field work.  Notes of testimony (N.T.), November 30, 1987, at 31.

Paulette Krall, vice-president of client services for the employer, testified that the lack of field work was discussed with Greco at April, May, and July meetings.  N.T. at 37.

Krall pointed out that she had given Greco examples of how field supervision could be conducted. N.T. at 36. In light of this testimony, there is ample evidence to support the referee's decision that not only had Greco been instructed to perform field supervision, but he was counseled on several occasions to perform this duty.

Greco further maintains that any finding with respect to his failure to properly train and orient his subordinate, Kay Schlegal, is erroneous. As a result of Schlegal's resignation, Amicie Zimmerman, vice-president of human resources for the employer, investigated Schlegal's allegations. Zimmerman's testimony revealed that Schlegal was improperly trained, inasmuch as Schlegal did not know the specific charting requirements of the employer, and was duplicating work done by others. N.T. at 23. Again, the testimony supports the referee's finding that Greco failed to properly orient and train his staff as required.

Finally, Greco claims that he had reasons of a necessitous and compelling nature for not accepting the staff social worker position, in that the position was unsuitable. This court need not address the suitability of the position offered. We have previously held that where an employee is placed in a different job with the same employer because of a demotion, the sole issue is the justifiability of that demotion. Where a claimant refuses a position in the context of a justifiable demotion, such a refusal renders a claimant ineligible for benefits. *Southeastern*, 109 Pa.Commonwealth Court at 199, 531 A.2d at 63–64.

As we have affirmed the finding of justified demotion, we need not address the question of suitability. Accordingly, we affirm the denial of benefits.

ORDER

NOW, June 20, 1989, the decision of the Unemployment Compensation Board of Review, at B–267039, is affirmed.