100

591 A.2d 774

**GENERAL BUILDING SERVICES, INC., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1991.

Decided May 17, 1991.

Nina A. Riasanovsky, Philadelphia, for petitioner.

Steven Masters, Philadelphia, for intervenor, Julius Curley.

No appearance for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

PELLEGRINI, Judge.

General Building Services, Inc. (GBS/Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed the Referee's decision denying Julius Curley (Claimant) benefits pursuant to Sections 402(b) and 401(1)(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 802(b) and 801(1)(d), for failure to prove that his voluntary termination of employment was for a necessitous and compelling cause.

Claimant was employed by GBS as a general cleaner from August 15, 1988 to February 23, 1990. On February 23, 1990, Claimant was involved in a non work-related automobile accident in which he sustained back, neck, shoulder and knee injuries. Claimant's Employer was aware of Claimant's accident and approved sick leave from February 26, 1990 through March 30, 1990. By letter dated March 30, 1990, the Employer notified Claimant that his sick leave was being converted to disability leave without pay, and Claimant's position as a general cleaner was no longer being held open for Claimant. The letter also indicated that pursuant to the Employee Guide, Claimant was required to call the office every day until he returned to work. Additionally, upon returning to work, Claimant was to present to the

personnel office a physician's note stating that Claimant could return to his full and normal range of duties that the job required without any restrictions.

Pursuant to the requirements in the Employer's March 30, 1990 letter, Claimant called the Employer every day to notify GBS of his continued disability. On May 15, 1990, Claimant telephoned the Employer to inform GBS that his physician was now allowing him to return to work, but with the limitations that he not perform any heavy lifting or bending. During that same conversation, the Employer informed Claimant that work was not currently available for him with his restrictions, but would possibly be available in the future. Thereafter, the Employer received a note from Claimant's physician dated May 15, 1990, indicating that Claimant could return to work as of May 26, 1990, but was restricted from heavy lifting or bending.

On May 20, 1990, Claimant filed for unemployment compensation benefits with the Office of Employment Security (OES). The request for benefits was granted on the basis of Section 402(b) of the Law for voluntarily leaving employment due to a necessitous and compelling cause, and Section 401(d)(1) of the Law, because Claimant was available for suitable work, but none was provided to him by the Employer. The Employer appealed the OES's decision, alleging that GBS was willing to accept Claimant back at work with any of his restrictions, and, in fact, had a supervisory position available for the Claimant which would accommodate his restrictions. The Employer also alleged that because Claimant mailed the requisite note from his physician to the personnel office rather than presenting the note in person, Claimant had not proven that he was permitted to return to work.

The Referee reversed the OES, finding that Claimant's mailing of the physician's note, rather than personally delivering the note, was not sufficient proof that Claimant was permitted to return to work. Additionally, the Referee found that the Employer had suitable work available for Claimant. Claimant then appealed the Referee's decision to

the Board. The Board reversed the Referee's decision, finding that Claimant's mailing of the physician's note to the Employer was a sufficient indication that Claimant could return to work, and that the Employer had not offered Claimant suitable work comporting with his limitations. The Employer then filed the instant appeal.

Because the Employer has not raised on appeal the issue of whether Claimant's mailing of the physician's note constituted adequate proof of Claimant's ability to return to work, the only issues before us are whether the Board erred in determining that the Employer had not provided Claimant with suitable work, and whether the Board erred in deciding this case under Section 402(b) of the Law.

Section 402(b) of the Law, 43 P.S. § 802(b), provides the following:

> An employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is "employment" as defined in this act: Provided, that *a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature.*[1]

 Where an employee can no longer perform his regular duties due to a physical condition, he must communicate his medical condition to the employer and explain his inability to perform his regularly assigned duties. The employee must then be available for suitable work, consistent with the medical condition, to remain eligible for unem-

---

**1.** Our Supreme Court has described a cause which is necessitous and compelling as follows:

> [G]ood cause for voluntarily leaving one's employment (i.e., that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

*Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358–359, 378 A.2d 829, 832–833 (1977).

ployment compensation benefits. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982). Once those conditions are met, the employee has demonstrated a good faith effort to maintain the employment relationship required under the Act, and it is incumbent upon the employer to provide suitable work for the employee. *Cooper Industries, Inc., McGraw Edison Power Systems Division v. Unemployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 241, 555 A.2d 969 (1989). If the employer fails to provide suitable work for the employee, the employee's subsequent voluntary termination will be deemed the result of a necessitous and compelling cause. *Montefiore Hospital v. Unemployment Compensation Board of Review,* 50 Pa.Commonwealth Ct. 310, 412 A.2d 921 (1980).

██ In this case, the Board found that Claimant had communicated to his Employer that he could no longer perform his regular duties as a general cleaner due to the injuries he sustained in an automobile accident. The Board also found that Claimant communicated to his Employer that he could return to work, but that his physician had placed restrictions on him, preventing him from performing heavy lifting and bending. Because the record supports the Board's findings that Claimant had demonstrated a good faith effort to maintain the employment relationship, it was then the Employer's responsibility to provide Claimant with suitable work within his physical limitations.

██ GBS contends that suitable work was offered to Claimant, because Claimant was offered a supervisory position which would accommodate his limitations. However, Claimant testified that on May 15, 1990, when he made the Employer aware of his ability to return to work with limitations, the Employer told him that there presently was no work available for him within his medical restrictions, but that there might be work available in the future. (Notes of Testimony at p. 6.) Although the Employer's personnel manager testified that she had indicated to Claimant during that same conversation that she had a supervi-

sory position available for him within his restrictions as of June 1, 1990, (Notes of Testimony at p. 8), her letter to the Relief From Charge Unit, dated May 30, 1990, specifically contradicted that testimony.[2]

In the May 30, 1990 letter, which was written approximately two weeks after the conversation in question took place, the Employer specified that, "We do have work available for this claimant and we want to place him back at his previous work location as soon as the doctor releases him to work again in normal and full range of duties." Nowhere in the letter does the personnel manager state that Claimant would be returning to work with limitations or that a supervisory or other suitable position would be available for Claimant as of June 1, 1990, which would accommodate those limitations.

Although the record also contains a letter from the personnel manager to the OES dated June 20, 1990, indicating that GBS *currently* had a position available for Claimant which would accommodate his restrictions, that writing only serves to further indicate that the Employer did not have a suitable position for Claimant at the time he was available to return to work. Moreover, that letter contradicts the May 30, 1990 letter by indicating that Claimant would be permitted to return to work with restrictions. Because the evidence indicates that Claimant was available for work as of May 26, 1990, but was not offered any position which would accommodate his limitations as of that date, we find that the Board did not err in determining that the Employer had not offered Claimant suitable work within his limitations.[3]

■ The Employer also contends that this case should

2. The personnel manager further testified that the supervisory position actually commenced on June 25, 1990. (Notes of Testimony at p. 12.)

3. Therefore, we do not reach the issue of whether the Employer's alleged offer for a supervisory position was actually "suitable" pursuant to Section 4(t) of the Law, 43 P.S. § 753(t).

have been decided under Section 402(a) of the Law,[4] rather than under Section 402(b) of the Law. Under Section 402(a) of the Law, an unemployed claimant must show good cause as to why he did not accept suitable work in order to be eligible for benefits, while under Section 402(b) of the Law, a disabled claimant must prove that he voluntarily terminated his employment because the employer failed to offer him suitable work within his limitations. However, in either case, one must prove that suitable work has been offered. In this case, we have determined that the Employer did not offer Claimant any work, let alone suitable work.

■ The Board is the ultimate factfinder and is empowered to resolve conflicts in the evidence and determine the credibility of witnesses. *Cowls v. Unemployment Compensation Board of Review*, 58 Pa.Commonwealth Ct. 150, 427 A.2d 722 (1981). The Board concluded that although Claimant was available for work with some limitations, the Employer did not offer Claimant suitable work within those limitations, thereby necessitating Claimant's voluntary termination. Because findings of fact made by the Board are binding on appeal as long as the record contains substantial evidence in support of those findings, we hold that the Board's findings were supported by substantial evidence, and, therefore, are binding on this court. *Norman Ashton Klinger & Associates v. Unemployment Compensation Board of Review*, 127 Pa.Commonwealth Ct. 293, 561 A.2d 841 (1989). Because Claimant's voluntary termination of employment was for a necessitous and compelling cause, we conclude that the Board's award of unemployment compensation benefits was sound.

Accordingly, the decision of the Board is affirmed.

4. Section 402(a) of the Act, 43 P.S. § 802(a), provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer.

## ORDER

AND NOW, this 17th day of May, 1991, the order of the Unemployment Compensation Board of Review, dated October 9, 1990, No. B–285129, is affirmed.