597 A.2d 215

**GRIFFITH CHEVROLET–OLDS, INC., Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 14, 1991.

Decided Aug. 29, 1991.

Petition for Allowance of Appeal Denied Jan. 10, 1992.

244

Thompson J. McCullough, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

John A. Beranbaum, for intervenor Jean E. Heiner.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Griffith Chevrolet–Olds, Inc. (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) which granted compensation benefits to Jean E. Heiner (Claimant).

Claimant, who has intervened in this appeal, was employed as an office manager for Employer at the rate of $500.00 per week in wages. In addition to wages, Claimant also received bonuses on a monthly basis. On March 2, 1990 the general manager informed Claimant that she would no longer be receiving her bonus because she was not a manager who influenced the profit of the company. Claimant requested additional pay or an additional five weeks vacation to replace the bonus, and the general manager told her that he would consider her request. On

March 5, 1990 the general manager informed Claimant that Employer denied her request. Claimant did not return to her job and filed for unemployment compensation benefits.

After a hearing on April 20, 1990 the referee found that Claimant voluntarily terminated her employment because of a dispute regarding additional vacation pay or wages. The referee also found that that the eliminated bonus amounted to about 5% of Claimant's income and determined that Claimant was ineligible to receive compensation benefits because the reduction in her monthly wages was insufficient to give Claimant cause for voluntary termination.

By decision and order dated July 3, 1990, the Board reversed the referee's decision and granted Claimant benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). The Board, without taking additional evidence, found that Employer had made a unilateral change in Claimant's condition of hire because Claimant would no longer be receiving the bonus which she expected. Finding this change to be unreasonable, the Board determined that Claimant had met her burden of showing cause of a necessitous and compelling nature for voluntarily terminating her job.

Employer filed a petition for review by this Court but by agreement of the parties, this matter was remanded to the Board for additional evidence on the amount of Claimant's bonus. At the remanded hearing on December 11, 1990, Employer presented quarterly records of payments showing that Claimant's bonus amounted to 9% of her wages.[1] Claimant, however, testified that her bonuses approximated $4,500.00, or 12% of her wages, and that she received bonuses averaging not less than $250.00 per month. On January 30, 1991 the Board vacated its July 3, 1990 decision and determined that Claimant was entitled to unemployment compensation benefits because her voluntary termination was based upon a substantial reduction in her month-

1. Employer's records showed that Claimant received wages in the amount of $37,305.00 and bonuses in the amount of $3,541.00.

ly income as a result of Employer's unilateral elimination of her bonus. Employer's appeal to this Court followed.

■ Our scope of review is limited to determining whether Claimant's constitutional rights have been violated, whether an error of law has been committed or whether the findings of fact are not supported by substantial evidence. *Dingbat's v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 73, 552 A.2d 1157 (1989).

■ Employer contends that the Board, prior to the remand, erred in reversing the referee's credibility determination without a *de novo* hearing because it did not "explain its decision in sufficient detail to permit meaningful appellate review." In unemployment compensation cases, the Board is the ultimate finder of fact. *Ford v. Unemployment Compensation Board of Review*, 95 Pa.Commonwealth Ct. 104, 105 n. 2, 504 A.2d 427, 428 n. 2 (1986). However, the Board's power is not unlimited. *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982). Where the referee's findings are based on uncontradicted evidence, the Board may not disregard those findings *unless* it sets forth its reasons for reversal or the reason for reversal is clear from the record. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985); *Office of Attorney General v. Unemployment Compensation Board of Review*, 111 Pa.Commonwealth Ct. 187, 190, 533 A.2d 1087, 1088 (1987).

■ In the present appeal there was conflicting testimony with regard to whether Claimant was discharged or whether she voluntarily quit,[2] and the referee determined

---

**2.** Claimant contends that the Board erred in determining that she voluntarily left her job because there is no evidence that she had a conscious intention to quit. Whether an employee has voluntarily quit is a question of law. *Chamoun v. Unemployment Compensation Board of Review*, 116 Pa.Commonwealth Ct. 499, 542 A.2d 207 (1988). An employee's action is considered voluntary where, without action by the employer, the employee consciously intends to leave his or her employment. *Roberts v. Unemployment Compensation Board of Review*, 61 Pa.Commonwealth Ct. 21, 432 A.2d 646, 648 (1981).

that Claimant's testimony was not credible insofar as it conflicted with Employer's testimony. The Board, in reversing the referee's decision on the ground that Employer's unilateral elimination of Claimant's bonus was unreasonable, chose to believe Claimant's account of the circumstances. Because it is clear from the record that the Board chose to believe Claimant's testimony rather than Employer's testimony, a power that the Board has under Section 504 of the Law, 43 P.S. § 824; *see also Peak*, 509 Pa. at 273, 501 A.2d at 1387, the Board's reversal of the referee's credibility determination was permissible.

 Employer next contends that the Board erred in determining that the elimination of Claimant's bonus constituted a substantial reduction in her wages, thereby giving Claimant cause of a necessitous and compelling nature to justify her voluntary termination of employment. Claimant has the burden of proving necessitous and compelling cause in order to recover unemployment compensation benefits. *Monaco v. Unemployment Compensation Board of Review*, 523 Pa. 41, 565 A.2d 127 (1989). Where reduction in wages is charged as the necessitous and compelling cause, a substantial reduction in wages and not mere dissatisfaction with wages must be proven. *No. 1 Cochran, Inc. v. Unemployment Compensation Board of Review*, 135 Pa. Commonwealth Ct. 252, 579 A.2d 1386 (1990). However, there is no talismanic percentage figure that separates a substantial reduction from one that is not. Each case must be measured by its own circumstances. *Ship Inn, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980).

 The Board, after taking additional evidence on re-mand, found that the elimination of Claimant's bonus would

---

In the present appeal, Claimant did not return to work after she was informed that her request for additional wages or vacation time to replace her bonuses was denied. Claimant's salary remained the same—only her bonuses were being terminated—and there is no evidence that Employer discharged her from her position. Accordingly, we find that Claimant consciously intended to leave her employment.

have resulted in a 12% reduction in her monthly income, and determined that this figure represented a substantial reduction in wages. We note, however, that what was being reduced was not Claimant's actual wages but rather her entitlement to extra compensation, depending on the company's profitability, in the form of monthly bonuses. As Employer points out, the impact of the elimination of the bonus on this claimant, whose wages at the rate of $500.00 per week would have remained the same, does not rise to the level of the impact of the wage reductions in *Edwards v. Unemployment Compensation Board of Review*, 35 Pa.Commonwealth Ct. 647, 387 A.2d 510 (1978) (custodian was faced with a 50% reduction in wages, from $170.00 to $85.00 per week) or in *Morysville Body Works, Inc. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 486, 430 A.2d 376 (1981) (secretary-bookkeeper was required to accept a 25% reduction in her salary, from $290.00 to $215.00 per week).[3]

In relation to the amount of her regular wages as well as the bonus not being an integral part of those wages, a 12% reduction in monthly income does not show circumstances to establish a necessitous and compelling reason for Claimant to have voluntarily terminated her employment. Accordingly, the order of the Board is reversed.

3. No cases have been found awarding unemployment compensation benefits unless there was at least a 20% reduction in wages. In *Ship Inn*, this Court held that a waitress' 22% reduction in wages due to the elimination of an extra $15.00 per week for duties performed as head waitress was a substantial reduction, and in *National Freight, Inc. v. Unemployment Compensation Board of Review*, 34 Pa.Commonwealth Ct. 161, 382 A.2d 1288 (1978), this Court determined that a truck driver's 22.86% reduction in retainage of gross receipts was also a substantial reduction in income. *Cf. Pacini v. Unemployment Compensation Board of Review*, 102 Pa.Commonwealth Ct. 355, 518 A.2d 606 (1986) (a clerk's 3.1% pay cut was not sufficient to establish a necessitous and compelling cause); *Mignacca v. Unemployment Compensation Board of Review*, 71 Pa.Commonwealth Ct. 43, 453 A.2d 1087 (1983) (a sewing machine operator's 16.67% difference in pay between her old job and her new job was not a substantial reduction). Believing that each case must be considered on its own facts, however, we do not intend our observation to become the test for determining what constitutes a substantial reduction in wages.

## ORDER

AND NOW, this 29th day of August, 1991, the order of the Unemployment Compensation Board of Review dated January 30, 1991 which awarded unemployment compensation benefits to Jean E. Heiner, is hereby reversed.