634 A.2d 818

**ACCU–WEATHER, INC., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 16, 1993.

Decided Dec. 1, 1993.

308

Sharon K. Bressler, for petitioner.

Judith M. Gilroy, Asst. Counsel, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Accu–Weather, Inc. (Employer) appeals from the January 12, 1993 order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision to grant Andrew Osarczuk's (Claimant) request for benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] The issues raised on appeal are whether changes to the conditions of hire, made at Claimant's request when he transferred from full-time to part-time status, precluded a return to the original conditions of hire when Claimant requested to return to full-time status; and in the alternative, whether Claimant's request to be removed from full-time status and the subsequent training of his replacement constituted an irrevocable notice of voluntary termination.

The facts, as found by the Board, are that Claimant was employed by Employer from November 1986 until June 18, 1992, most recently as a graphic satellite coordinator; and for the first five years Employer renegotiated Claimant's employment contracts annually. In November 1991, after Claimant requested to work fewer hours, a three-month employment contract was negotiated and in February 1992, a four-month employment contract was negotiated which covered the period through June 18, 1992. The two most recent contracts included a clause which allowed Claimant the option of leaving his employment upon thirty-days notice. In June 1992, Claimant met on five occasions with Employer to negotiate a new contract for the period beyond June 18, 1992. Claimant agreed to a one-year contract with the same terms and provisions as his most recent contract with the exception that

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) provides in pertinent part:

 An employe shall be ineligible for compensation for any week ... (b) [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

he would have fewer responsibilities and receive a $1.18 per hour reduction in pay.

On June 12, 1992, Claimant was presented with a proposed contract which contained three provisions to which he objected: his title was not changed from graphic satellite coordinator to graphic artist; the thirty-day notice clause was eliminated; and a clause was inserted which required that future contracts be negotiated sixty days before the expiration of the current contract. Claimant was informed that no revisions would be made to the proposed contract. Claimant refused to sign the contract because of his disagreement with the language contained therein and was informed that his last day of work would be June 18, 1992.

The Board concluded that Claimant voluntarily terminated his employment, but had cause of a necessitous and compelling nature.[2] Employer argues in its appeal to this Court that changes in the conditions of hire which occurred when Claimant requested to change from full-time to part-time status were granted only on a temporary, short-term basis and that temporary changes should not preclude a return to the original conditions of hire upon Claimant's return to full-time status.[3]

A Claimant who voluntarily terminates employment bears the burden of proving that necessitous and compelling reasons motivated that decision in order to be eligible for unemployment compensation benefits. *Griffith Chevrolet–*

2. This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the findings of fact are supported by substantial evidence. *Chamoun v. Unemployment Compensation Board of Review,* 116 Pa. Commonwealth Ct. 499, 542 A.2d 207 (1988).

3. To support its changes, Employer claims that no graphic artist contract in the company contained a thirty-day notice of termination provision due to the inability to recruit and train replacements; the sixty-day contract renewal provision merely addresses the time in which renewal might occur and gives no rights and imposes no obligations upon either party; and Claimant's failure to inform Employer of the "clerical error" in his job title was tantamount to "sandbagging" because both parties clearly intended Claimant to perform the duties of a graphic artist for the graphic artist salary.

*Olds, Inc. v. Unemployment Compensation Board of Review,*
142 Pa.Commonwealth Ct. 242, 597 A.2d 215 (1991), *appeal
denied* (No. 225 MAL 1991, filed January 10, 1992). Whether
an employee had cause of a necessitous and compelling nature
is a legal conclusion drawn from a review of the findings of
fact and is subject to appellate review. *Quinn, Gent, Buseck
& Leemhuis, Inc. v. Unemployment Compensation Board of
Review,* 147 Pa. Commonwealth Ct. 141, 606 A.2d 1300 (1992).
An employer may make reasonable modification in job assign-
ments, but a substantial unilateral change in an employment
agreement renders a job unsuitable. *Nat'l Aluminum Corp.
v. Unemployment Compensation Board of Review,* 59 Pa.
Commonwealth Ct. 359, 429 A.2d 1259 (1981). Section 402(b)
of the Law focuses on the impact that a change has upon an
employee and not the employer's reasons for making the
change. *Steinberg Vision Assocs. v. Unemployment Compen-
sation Board of Review,* 154 Pa. Commonwealth Ct. 486, 624
A.2d 237 (1993).

 Claimant testified that he told Employer at two differ-
ent meetings that he agreed to sign the "same contract" for
one year with changes to the schedule and the rate of pay and
that during the third meeting, he and Employer agreed on all
terms of the contract. Employer testified that it then consult-
ed its legal counsel who confirmed that it could not write a
one-year contract which contained a thirty-day notice clause.
Claimant testified that Employer informed him that changes
to the contract could not be negotiated and that the sixty-day
renewal clause was not in any of his previous seven contracts.
Since Section 402(b) of the Law focuses on the impact that a
change has on an employee, it is irrelevant that Employer
made the changes in good faith or out of business necessity to
provide adequate time for training new employees. The
Board's findings that Employer knew that Claimant consid-
ered the thirty-day clause to be a crucial term and condition of
employment and that the proposed contract was presented to
Claimant as a "take-it-or-leave-it" contract are therefore sup-
ported by substantial evidence.

■ Employer also argues that since both parties knew that Claimant was to perform the duties of a graphic artist for the graphic artist salary, there was no unilateral change in conditions. Once an employee has accepted new employment terms, he has admitted to their suitability and any later dissatisfaction with those terms will not constitute cause of a necessitous and compelling nature to terminate the employment. *Romao v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 212, 443 A.2d 1217 (1982). Had Claimant signed the proposed contract which stated that he was to perform the more difficult job of graphic satellite coordinator for less pay, his signature would have indicated acceptance of the contract terms. For the above-stated reasons, this Court affirms the Board's determination that unilateral changes were made in the conditions of hire and that Claimant had necessitous and compelling reasons for voluntarily terminating his employment.

■■ In the alternative, Employer argues that Claimant irrevocably voluntarily terminated his employment when he requested to be removed from his full-time graphic satellite coordinator position and was replaced by another employee, and that Claimant was retained on part-time status solely to train his replacement. The Board found that Claimant continued to be employed as a graphic satellite coordinator until his contract expired on June 18, 1992. This finding is supported by substantial evidence in the record in that Claimant and Employer were negotiating a change in Claimant's title from graphic satellite coordinator to graphic artist to take effect after June 18, 1992. Since Claimant continued working on a part-time status, he did not voluntarily terminate his employment until June 18, 1992. As the Board is the ultimate factfinder and is empowered to resolve conflicts in the evidence, and to determine the credibility of witnesses, *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985), its decision will not be disturbed if supported by substantial evidence in the record.

314

## ORDER

And now this 1st day of December, 1993, the order of the Unemployment Compensation Board of Review is affirmed.

SILVESTRI, J., dissents.