Carolyn Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

232

Argued June 9, 1978, before Judges Crumlish, Jr., Blatt and DiSalle, sitting as a panel of three.

*Rosalie Simmonds,* for petitioner.

*Reese Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., August 14, 1978:

Carolyn Johnson (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits.

Claimant was employed by Pennsylvania Jobs for Progress, Inc., until June 4, 1976, as an Instructor of Adult Education, at which time she contends it became necessary for her to resign due to her physical condition. The referee concluded that Claimant had

failed to meet her burden of proof with respect to the cause of her termination and, therefore, denied benefits. Upon appeal, the Board affirmed. Predicated upon our careful scrutiny of the record and the applicable law, we affirm.

It is Claimant's contention that her nervous condition and the initial stages of a peptic ulcer, coupled with the conditions of her employment which she describes as de-humanizing, are sufficient to sustain her burden of proving a necessitous and compelling cause for her termination. Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), provides in relevant part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

As our Supreme Court recently wrote in *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), each of the following criteria must be established by a claimant alleging that health reasons rise to a necessitous and compelling cause under Section 402(b)(1) of the Act. A claimant must (1) offer competent testimony that *at the time of termination*, adequate health reasons existed to justify termination; (2) inform the employer of the health problems; and (3) specifically request the employer to transfer him to a more suitable position within the company. The Board contends that Claimant failed to meet both the second and third requirements. We agree.

As to the second criterion, the testimony before the referee was as follows:

234

Q   Mrs. Johnson, you were seeing a doctor from February, 1976, right.

A   Right.

Q   Did you discuss this fact with anyone in authority?

A   No, I didn't.

. . . .

Q   Did you present any medical certification at the time you submitted your resignation?

A   No, I didn't.

The record contains no testimony as to whether Claimant requested a transfer, though she admitted failing to request a leave of absence because she "doubt[ed] it would be granted."   Since Claimant has failed to sustain her burden of proof with respect to the second and third criteria outlined above, we are compelled to affirm.

Accordingly, we

ORDER

AND Now, this 14th day of August, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.