Montefiore Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Vasilis C. Katsafanas,* with him *Lynn E. Wagner,* of *Berkman, Ruslander, Pohl, Lieber & Engel,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 3, 1980:

This is an appeal by an employer, Montefiore Hospital, from a decision of the Unemployment Compensation Board of Review (Board) to award unemployment benefits. The Board, affirming the Referee, determined that the claimant, Mrs. Helen Serebrovich, had "necessitous and compelling" cause for terminating her employment at the Montefiore Hospital, and therefore, was not ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law. The Board also determined that she was able

and available for suitable work, that is, work that did not require heavy lifting, and therefore, was entitled to benefits under Section 401(d) of the Unemployment Compensation Law.[1] The employer contends that these determinations of the Board are not supported by substantial evidence and are contrary to law.

The claimant, Mrs. Serebrovich, is a middle-aged immigrant from Russia. In Russia she had five years of dental training at a medical college and taught for several years. However, she could not obtain licensing to practice dentistry in the United States. In May 1976, the claimant began employment as an "escort" at Montefiore Hospital in Pittsburgh, Pennsylvania. Her duties in that job required her to push patients about in wheelchairs and to help them in and out of bed. From February 1977 to May 1977 she took a medical leave of absence because of a gall bladder operation. When she returned to work she resumed her chores as an "escort."

After the claimant's return to work, she began to experience physical difficulties in the performance of her work as an "escort," which led her to consult a Dr. Pober in October 1977. The claimant testified, as did Dr. Pober himself, that he advised her to stop the work she was doing because it was having a deleterious effect on her health, Mrs. Serebrovich then informed her employer of her health and physical problems and requested other less strenuous work. According to the claimant, the employer informed her that no such other work was available. Due to this representation by her employer, the claimant resigned her employment on October 11, 1977.

On October 14, 1977, the claimant applied for unemployment benefits; and on October 26, 1977 the Bu-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, §402(b)(1), §401(d), 43 P.S. 802(b)(1), 801(d).

reau of Employment Security determined that she was eligible. The employer appealed from that determination, but the Referee affirmed it. Upon further appeal by the employer, the Unemployment Compensation Board of Review reversed the Referee, on March 6, 1978, and denied benefits. The claimant appealed that decision to the Commonwealth Court; but the case was remanded for additional evidence. After the remand hearing, the Board affirmed the Referee and granted benefits, on November 16, 1978. It is the Board's order of that date which is now before this Court.

Returning to the claimant's factual relationship with Montefiore Hospital, on March 8, 1978, two days after the Board initially denied benefits, and five months after the claimant resigned, the hospital contacted her about possible re-employment, in their medical records department. The claimant reported to the hospital to be tested for that position, but it was decided that she lacked the requisite proficiency in English for the job; and the hospital deemed her unsuited for it. The remaining record in this case supports the Board's finding that the only other kind of work the hospital made available to her was in the housekeeping department and the laundry department. The claimant testified that both of these jobs required a level of physical exertion unsuitable to her health condition.

In order for health to constitute a "necessitous and compelling" reason for voluntarily terminating one's employment, the claimant must do three things: (1) offer evidence that adequate health reasons existed to justify termination; (2) inform the employer of the health problems; and (3) request a transfer to a more suitable position or show that such a request would have been futile. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977); *McQuiston v. Unemployment Compensation*

*Board of Review*, 37 Pa. Commonwealth Ct. 250, 390 A.2d 317 (1978); *Johnson v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 231, 389 A.2d 724 (1978).

The testimony of the claimant and her physician constituted substantial proof that the claimant's health and physical condition rendered her unsuited for doing work that required physical exertion. The testimony of the claimant was sufficient to establish that she informed her employer of her health problems, requested other kind of work, was not offered any other kind of job suitable to her condition, and left her employment for that reason. The weight and credibility of this testimony was for the Board to determine, and it was within the power of the Board as fact-finder to accept that testimony, which it did in this case.

Accordingly, the findings of the Board in this case are supported by substantial evidence and are, therefore, conclusive. *Yasgur v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974). Given the findings of the Board, the claimant's evidence satisfied the requirements of the *Deiss, McQuiston* and *Johnson* cases, *supra*. Thus, it was not an error of law for the Board to conclude that the claimant was not ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. 2897, §402(b)(1), 43 P.S. §802(b)(1). Furthermore, the Board's additional determination that this claimant was able and available to do suitable work, and was realistically attached to the labor market, was an issue of fact for the Board to resolve from the evidence before it. *Tokar v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978). We find no basis for disturbing the Board's finding on that point.

We, therefore, affirm the decision of the Unemployment Compensation Board of Review in this matter.

ORDER

AND Now, this 3rd day of April, 1980, we hereby affirm Order No. B-154332-B of the Unemployment Compensation Board of Review, dated November 16, 1978, granting unemployment compensation benefits.

President Judge BOWMAN did not participate in the decision in this case.