**GIANT EAGLE, INC., Petitioner**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 15, 1997.

Decided Sept. 17, 1997.

---

Warner Mariani, Pittsburgh, for petitioner.

Judith M. Gilroy, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Giant Eagle, Inc. (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision and order of the referee granting Judith Cullen (Claimant) compensation benefits.

Claimant worked for Employer in a full-time position as a floral manager. (Referee's FOF 1). Claimant had been off work on leave from approximately January of 1996 through March of 1996 (FOF 2) for a non-work related injury (R.R. 20). On March 29, 1996, Claimant experienced pain in her hip and leg while performing her work duties, and, after requesting permission to leave work, she sought medical attention. (FOF

3). Claimant then requested and was granted short-term disability leave by Employer. (FOF 4). Her short-term disability ended on July 7, 1996, and on July 17, 1996, Claimant's private attending physician, a chiropractor, released her to resume work in a light duty capacity (R.R. 23) with a restriction against lifting over 20 pounds. (FOF 6, 7). An independent medical examiner advised Employer that Claimant was capable of returning to her work duties as a floral manager with a restriction that she could not lift over 20 pounds. (FOF 5).

Claimant informed Employer of her ability to return to employment, and gave Employer the information regarding the restrictions placed on her by her chiropractor (FOF 8); however, because Claimant's chiropractor released her for light duty work, and because Employer had a policy of only providing light duty accommodations to employees whose injuries were work-related, Claimant was told by Employer that no light duty positions were available (9, 10). Claimant asked Employer if she could be cross-trained for some other position (FOF 13); however, Employer explained that only Claimant's previous position as floral manager was available. (R.R. 14, 15). Claimant did not return to work for Employer thereafter.

By letter dated November 13, 1996, Claimant was advised by Employer that she had been removed from Employer's payroll records. (FOF 16). Employer removed Claimant from its records because she had been away from work in excess of Employer's expectations. (See Referee's Finding of Fact, 17).

Thereafter, Claimant applied for benefits with the West Pittsburgh Job Center (Job Center), which, by determination dated December 12, 1996, denied benefits on the basis of Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law),[1] concluding that Claimant had voluntarily terminated her position for reasons which were not of a necessitous and compelling nature.

Claimant appealed to the referee, who, by decision and order dated January 30, 1997, reversed the Job Center's determination. The referee determined, contrary to the Job Center's conclusion, that the case should have been decided pursuant to Section 402(e) of the Law,[2] rather than Section 402(b) (voluntary termination). The referee further determined that because there was no basis for denying Claimant benefits under Section 402(e), benefits should have been granted. The Board, by Order dated March 18, 1997 affirmed and adopted the referee's decision as its own.

On appeal here, Employer asserts that the referee erred in concluding that the matter should have been decided under Section 402(e) of the Law (involuntary separation). Instead, Employer maintains that the case should be decided under Section 402(b) of the Law (voluntary separation), and that an examination of the record reveals that Claimant's reasons for voluntarily terminating her employment were not of a necessitous or compelling nature.

■■■ Initially, we note that our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. *Baertl v. Unemployment Compensation Board of Review,* 156 Pa. Cmwlth. 428, 627 A.2d 1232 (1993). In an unemployment compensation case, the issue of whether a termination of services is a voluntary or involuntary is a question of law to be determined by this Court based upon a totality of the facts of record. *See Sizer v. Unemployment Compensation Board of Review,* 75 Pa.Cmwlth. 57, 460 A.2d 928 (1983).

1.  Section 402(b) of the Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b) provides, in pertinent part, as follows:
    An employee shall be ineligible for compensation for any week—
    (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . . .

2.  Section 402(e) of the Law provides:
    An employe shall be ineligible for compensation for any week—
    (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.

We first turn to the issue of whether Claimant's termination from employment was voluntary or involuntary.

As noted previously herein, the injury for which Claimant originally took a leave from work was not work related. Following her receipt from Employer of short-term disability benefits, Claimant, although offered her previous position with Employer of floral manager, did not return to work because of the light duty restriction indicated by her chiropractor. (R.R. 29). Because Claimant did not return to this position, i.e., she voluntarily terminated her employment, Employer sent her notification that it was removing her from its payroll. (FOF 16, 17).

Based on the foregoing, and our review of the facts of record in their totality, we conclude that Claimant voluntarily terminated her employment with Employer. We next must determine whether she did so for reasons which were of a necessitous and compelling nature.

The issue of whether a claimant quit his or her employment for cause of a necessitous and compelling nature is a question of law subject to this court's review. *Department of the Navy v. Unemployment Compensation Board of Review*, 168 Pa. Cmwlth. 356, 650 A.2d 1138 (1994). That cause which is necessitous and compelling for an employee to voluntarily leave employment results from circumstances which produce pressure to terminate employment that is both real and substantial and which would compel a reasonable person to act in the same manner under the circumstances. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). A claimant bears the burden of establishing that his or her voluntary quit was for cause of a necessitous and compelling nature. *Taylor*.

Here, Claimant did not return to work for Employer because of the physical restrictions placed on her by her treating chiropractor, i.e., that she could only perform light duty work and was restricted to lifting up to 20 pounds. Section 402(b) of the Law, in addition to providing that an employee shall be ineligible for benefits for any week his unemployment is due to his voluntary termination without cause of a necessitous and compelling nature, also provides as follows:

[P]rovided, that *a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature.* (Emphasis added).

This court has held that where, as here, an employee can no longer perform his regular duties due to a physical condition, he must communicate his medical condition to the employer and explain his inability to perform his regularly assigned duties. The employee must then be available for suitable work, consistent with the medical condition, to remain eligible for unemployment compensation benefits. *General Building v. Unemployment Compensation Board of Review* 140 Pa.Cmwlth. 100, 591 A.2d 774 (1991); *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982); *Dornblum v. Unemployment Compensation Board of Review*, 77 Pa.Cmwlth. 547, 466 A.2d 747 (1983). Once those conditions are met, the employee had demonstrated a good faith effort to maintain the employment relationship required under the Law, and it is incumbent upon the employer to provide suitable work for the employee. *Cooper Industries, Inc. v. Unemployment Compensation Board of Review*, 124 Pa. Cmwlth. 241, 555 A.2d 969 (1989). If the employer fails to provide suitable work for the employee, then employee's subsequent voluntary termination will be deemed the result of a necessitous and compelling cause. *Montefiore Hospital v. Unemployment Compensation Board of Review*, 50 Pa.Cmwlth. 310, 412 A.2d 921 (1980).

Here, there is no question that Claimant communicated to Employer the fact that she was available to perform work within the physical limitations placed on her by her treating chiropractor. However, Employer failed to offer Claimant suitable work within her physical restrictions. The referee made the following, relevant findings:

8. The claimant reported to her work location with the letter from he doctor and information from the Allegheny General

Hospital Back Institute regarding her lifting capacity. The claimant gave the information to the assistant manager and asked to be placed on the schedule to resume work the following week.

9. The claimant was contacted through the assistant manager and told she could not be placed on the work schedule because her doctor's release was a light-duty release only.

. . .

12. The claimant was willing to work around her doctor's limitations to perform her work duties.

13. The claimant contacted other employer representatives in the human resource department and questioned why she could not resume her duties. The claimant asked to be cross-trained so she could take another position with the company.

14. The claimant was not allowed to resume work at Giant Eagle and was instructed by the human resource representative to file for long-term disability.

(Referee's decision, pp. 1–2).

Given the foregoing, we conclude that Claimant's voluntary termination of her employment was for reasons of a necessitous and compelling nature, thus entitling her to unemployment compensation benefits. Accordingly, we affirm the Board's order on this basis.[3]

*ORDER*

AND NOW, this 17th day of September, 1997, the order of the Unemployment Compensation Board of Review dated March 18, 1997 is affirmed.

---

**3.** *See Kraiser v. Horsham Township,* 72 Pa. Cmwlth. 16, 455 A.2d 782 (1983) (an appellate court may affirm a decision below if the result is correct on any ground, without regard to the ground the tribunal below relied upon).