IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Armella Holmes,                          :
                Petitioner      :
                                  :   No.  1329 C.D. 2016
                v.                     :
                                    :   Submitted:  January 27, 2017
Unemployment Compensation                :
Board of Review,                         :
                Respondent      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  May 24, 2017

          Armella Holmes (Claimant) petitions for review of the June 30, 2016 order of the Unemployment Compensation Board of Review (Board) that affirmed in part and reversed in part the Referee's decision.  The Board held that Claimant was not ineligible for unemployment compensation benefits for the claim week ending October 24, 2015, but was ineligible for the benefits she collected from week ending November 7, 2015, through January 30, 2016, under sections 401 and 4(u) of the Unemployment Compensation Law (Law),[1] and is liable for a fault overpayment in the amount of $5,330.00.

          Claimant worked full-time at Three Rivers Youth (Employer) as a team leader from May 6, 2013 onwards.  On October 19, 2015, Employer received

_____

    [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§801, 753(u).

a letter from Claimant's healthcare provider that restricted her to working five hours per week and Employer accommodated Claimant's restriction. Claimant reported working five hours for the claim week ending October 24, 2015, and for each claim week from November 7, 2015 through January 30, 2016, and received $410.00 per week in benefits, for a total of $5,740.00. However, while Claimant told the Department of Labor and Industry (Department) that she worked five hours a week, she did not inform the Department this was due to a medical restriction. (Board's Findings of Fact Nos. 1-9.)

The Department later issued a Notice of Determination stating that Claimant was ineligible for benefits under sections 401 and 4(u) of the Law, respectively, because she was not working less than her normal full-time work week for the claim weeks ending October 24, 2015, and November 7, 2015, through January 30, 2016. The Department also assessed a fault overpayment in the amount of $5,740.00 under section 804(a) of the Law. Claimant appealed, and a hearing was held before a Referee on April 22, 2016, which Claimant did not attend.[2]

Charlene Coleman, Vice President of Human Resources, testified for Employer that Claimant was medically restricted to working five hours per week and that her request was accommodated, beginning with the claim week ending November 7, 2015, up to and including the date of the hearing. Employer argued that Claimant was ineligible for benefits because she worked her full workweek

---

[2] The original hearing was scheduled for April 15, 2016, but was rescheduled to April 22, 2016 at 10:45 a.m. at Claimant's request. Claimant did not appear at the start of the hearing on April 22, 2016. The Referee noted that a hearing notice was mailed to Claimant's last address of record informing her of the rescheduled date and that it was not returned as undeliverable. As such, the Referee presumed Claimant received the hearing notice. At 11:00 a.m., the Referee checked the waiting area, conference rooms, and the receptionist's office to see if Claimant arrived, but Claimant was not present. The Referee presumed Claimant decided not to attend the hearing. Claimant did not offer an explanation as to why she did not attend the hearing.

and was not unemployed and also that she was at fault for the overpayment of benefits because she said she was eligible for benefits when she was not eligible. (Original Record (O.R.) at Item No. 12; Notes of Testimony at 5-6.) The Referee affirmed the Department's determination. (O.R. at Item No. 13.) Claimant appealed to the Board.

On review, the Board affirmed in part and reversed in part. The Board reversed the Referee's order regarding the claim week ending October 24, 2015, finding there was insufficient evidence to conclude that Claimant worked all of the hours she could for that claim week and, therefore, she was unemployed and eligible for benefits for that claim week. The Board affirmed the Referee's decision regarding the claim weeks ending November 7, 2015, through January 30, 2016, finding that Claimant did not inform the Department that five hours was the maximum number of hours she could work and, as a result, was not unemployed. The Board concluded that Claimant was at fault and improperly received benefits because she failed to inform the Department that the five hours she worked weekly was a result of a medical restriction. The Board modified the Referee's determination of the amount that Claimant was overpaid and reduced it to $5,330.00 to account for the claim week ending October 24, 2015. (O.R. at Item No. 15.) Claimant now appeals to this Court.[3]

On appeal, Claimant challenges the Board's conclusion that she is liable for a fault overpayment. More specifically, Claimant argues her overpayment should be classified as non-fault because her failure to inform the Department that five hours was the maximum hours she could work was not an

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

intentional omission or misrepresentation, but rather, was a miscommunication error. Claimant asserts that Employer was aware of her medical restriction and contends there was no evidence she "knew or should have known that she was to provide [notice of her employment restriction] directly to the Board" other than the unemployment handbook, which is vague and does not require a detailed explanation regarding reduced hours. (Brief for the Petitioner at 8.) Claimant argues that, as a lay person, she cannot be expected to understand that her restriction barred her from receiving benefits. As such, Claimant contends she complied with the Law's notification requirements when she notified Employer of her restrictions.

The Board contends that its fault determination is correct because Claimant withheld pertinent information that would have rendered her ineligible for benefits. The Board argues that an intentional state of mind is not required to support a finding of fault and that withholding information is sufficient. The Board further argues that the UC Handbook provided several different circumstances that could impact eligibility. The UC Handbook states, in part, "[y]ou may lose eligibility for benefits, the following are some of the possible ways you can be disqualified: [y]ou limit the number of hours that you will work." The Board contends this shows that whether or not Claimant limited the number of hours she worked was material in determining whether or not she received benefits and that, by not reporting this to the Department, she withheld pertinent information. The Board argues that since Claimant was restricted to working five hours per week, those five hours constituted a full-time work week and, as such, Claimant was not unemployed and therefore ineligible for benefits and liable for a fault overpayment.

The standard of law on fault overpayment is provided in section 804(a) of the Law and states, in part, as follows:

4

> [a]ny person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue

43 P.S. §874(a). This Court has held that the term "fault" in this section "connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches." *Daniels v. Unemployment Compensation Board of Review*, 309 A.2d 738, 741 (Pa. Cmwlth. 1973). Further, fault may be found where a claimant does not provide truthful information to the local service center, *Amspacher v. Unemployment Compensation Board of Review*, 479 A.2d 688, 692 (Pa. Cmwlth. 1984), or where a claimant withholds pertinent information "which surely would have resulted in a denial of benefits." *Carter v. Unemployment Compensation Board of Review*, 442 A.2d 1245, 1248 (Pa. Cmwlth. 1982).

This Court recently addressed the meaning of fault in *Fugh v. Unemployment Compensation Board of Review*, 153 A.3d 1169, 1176 (Pa. Cmwlth. 2017), finding that a "blameworthy act requires a showing of the actor's state of mind, or *mens rea*" and "embodies … knowing recklessness or gross negligence." We reasoned that a finding of fault "requires conduct 'of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.'" *Id.* (citing *Reading Area Water Authority v. Unemployment Compensation Board of Review*, 137 A.3d 658, 662 (Pa. Cmwlth. 2016)). Further, "[a] negligent act alone does not constitute willful misconduct; rather, the conduct must be of 'an intentional and deliberate nature.'" *Id.* (citing *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 426 (Pa. 2003)).

5

Here, the Board classified Claimant's overpayments as fault because she received benefits as a result of her failure to report her hourly restrictions. The Board argues that Claimant's failure to report her hourly restrictions constitutes withholding pertinent information and that Claimant is therefore at fault. While withholding information may lead to a fault determination, *Amspacher*, 479 A.2d at 692, it is not clear here that such withholding "surely would have resulted in a denial of benefits," *Carter*, 442 A.2d at 1248, given that it was only possible that Claimant could be disqualified for benefits by limiting the number of hours she worked.

Further, while the Board argues that an intentional state of mind is not required to determine fault, this Court's recent decision in *Fugh* has found that a fault determination does indeed require an intentional state of mind. However, the Board made no findings of fact on Claimant's state of mind in its determination of fault or whether Claimant's failure to report that she worked five hours per week as the result of a medical restriction was an act of negligence, which would not have resulted in a fault determination, or whether it was of an intentional and deliberate nature such that it arose to knowing recklessness or gross negligence, which would have properly resulted in a fault determination. Hence, a remand is warranted for the Board to make these additional findings and to reconsider whether Claimant was indeed subject to a fault overpayment.[4]

---

[4] Claimant does not challenge the Board's conclusion that she was ineligible for unemployment compensation. She challenges only the Board's conclusion that her conduct subjects her to a fault overpayment. Accordingly, the Board's holding on ineligibility is final. However, this Court has previously addressed medical restrictions in *Giant Eagle, Inc. v. Unemployment Compensation Board of Review*, 700 A.2d 600 (Pa. Cmwlth. 1997). Claimant Judith Cullen (Cullen) took a three-month leave of absence for a non-work related injury followed by another three-month period of short-term disability leave. *Id.* at 601. After her short-term disability leave ended, her attending physician released her to work in a light duty capacity. *Id.* at 602. Cullen informed her employer of her restriction; however, her employer had a policy of "only providing light duty accommodations to employees whose injuries were

**(Footnote continued on next page…)**

6

Accordingly, the order of the Board is vacated and the matter is remanded for further findings consistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

_____

**(continued…)**

work-related" and informed Cullen that no light duty positions were available. *Id.* Cullen asked if she could be cross-trained for another position, but the only position available was her prior position as a floral manager. *Id.* Subsequently, Cullen did not return to work. *Id.* Cullen applied for unemployment compensation benefits, but was denied as she was found to have voluntarily terminated her employment without a necessitous and compelling justification. *Id.* On appeal to the Board, the referee reversed the decision and awarded her benefits, finding that Cullen's separation from employment was involuntary. *Id.*

On appeal in *Giant Eagle*, this Court found that Cullen voluntarily terminated her employment. *Id.* at 603. In analyzing whether a voluntary termination is of a necessitous and compelling nature, this Court stated, "[t]hat cause which is necessitous and compelling for an employee to voluntarily leave employment results from circumstances which produce pressure to terminate employment that is both real and substantial and which would compel a reasonable person to act in the same manner under the same circumstance." *Id.* Further, voluntarily "leaving working because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature." *Id.* This Court held that, where an,

> employee can no longer perform his regular duties due to a physical condition, he must communicate his medical condition to the employer and explain his inability to perform his regularly assigned duties. The employee must then be available for suitable work, consistent with the medical condition, to remain eligible for unemployment compensation benefits.

*Id.* This Court held that Cullen was eligible for benefits because she communicated to her employer that she was available to work within the limitations her doctor gave her and that her employer failed to offer her suitable work within those restrictions; thus, Cullen voluntarily terminated her employment for reasons of a necessitous and compelling nature. *Id.* at 604.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Armella Holmes, : 
               Petitioner : 
                :   No. 1329 C.D. 2016
        v. : 
                : 
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

## _ORDER_

AND NOW, this 24th day of May, 2017, the order of the Unemployment Compensation Board of Review, dated June 30, 2016, is hereby vacated and the matter is remanded for further findings consistent with this opinion.

Jurisdiction is relinquished.

_____
PATRICIA A. McCULLOUGH, Judge