# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Correctional Care, Inc.,          :
              Petitioner       :
                              :
          v.                 :    No. 207 C.D. 2018
                              :    Submitted: October 26, 2018
Unemployment Compensation    :
Board of Review,                :
             Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                 **FILED: January 7, 2019**

Correctional Care, Inc. (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision awarding June Reed (Claimant) unemployment compensation (UC) benefits. The Board, in adopting the referee's findings and conclusions, determined Employer failed to establish by competent evidence that Claimant engaged in willful misconduct under Section 402(e) of the Unemployment Compensation Law[1] (Law). Employer contends the Board erred in failing to find that Employer established Claimant was ineligible for UC benefits under Section 401(d)(1), (2) of the Law, 43 P.S. §801(d)(1), (2), because she was not able and available for suitable work. Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e). Section 402(e) provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week … in which [her] unemployment is due to [her] discharge or temporary suspension from work for willful misconduct connected with [her] work …."

## I. Background

Claimant worked for Employer as a full-time licensed practical nurse from January 2016 until her last day of work in May 2017. Employer is a healthcare provider to correctional institutions. Employer assigned Claimant to work at the Susquehanna County Correctional Facility (Facility). Claimant's job duties included informing the Facility of any inmates who were at risk of suicide or who threatened suicide.

On May 10, 2017, Employer's house supervisor/administrator (Supervisor) issued Claimant three separate warnings regarding incidents that occurred on April 3, April 6, April 10, April 20, May 1 and May 3, 2017. Supervisor warned Claimant regarding her failure to chart treatments that were provided, failure to chart and record suicide watches, and failure to lock a medical cart in the Facility's medical office. However, Supervisor did not terminate Claimant as a result of these violations.

On May 13, 2017, Supervisor received an allegation from the Facility's warden. In addition, the warden informed Supervisor that he revoked Claimant's security clearance to work at the Facility. The Facility informed Supervisor that Claimant failed to place an inmate on suicide watch after the inmate threatened to commit suicide. The same day, Supervisor terminated Claimant's employment because the warden revoked her clearance to work at the Facility.

Claimant applied for UC benefits. The Department of Labor and Industry (Department) issued a notice of determination ruling Claimant eligible for benefits based on its determination that Employer failed to establish Claimant engaged in willful misconduct under Section 402(e) of the Law. See Certified Record (C.R.) at Item #6 (Notice of Determination). Specifically, the Department observed Employer failed to show Claimant was involved in the incident that caused her separation.

Employer appealed, and a referee's hearing ensued. Following a hearing at which both parties presented evidence, the referee issued a decision and order affirming the Department's notice of determination. In his decision, the referee found that the Facility determined Claimant failed to place an inmate on suicide watch after the inmate threatened to commit suicide. Referee's Op., 8/24/17, Finding of Fact (F.F.) No. 10. This resulted in the warden's revocation of Claimant's security clearance. F.F. No. 9. However, the referee further found that Employer failed to provide sufficient evidence that the inmate threatened to commit suicide. F.F. No. 11. Nevertheless, the referee found that Employer terminated Claimant's employment because the warden revoked Claimant's clearance to work at the Facility. F.F. No. 12.

In explaining his decision, the referee stated (with emphasis added):

In this case, [Supervisor] testified that [Employer] terminated [Claimant] due to [the Facility] revoking [Claimant's] clearance to work for [the Facility]. Furthermore, [Supervisor] alleged that [the] client's warden revoked [Claimant's] clearance due to [her] alleged failure to implement a suicide watch for an inmate who had threatened to commit suicide.

3

However, the [Claimant] alleged that the inmate in question had climbed on top of a bunk in his cell and was playing with a wire from a light fixture and was acting belligerent, but the inmate did not threaten to commit suicide. Furthermore, the [Claimant] alleged that the inmate stated 'don't worry, I won't f'ing hang myself.' Also, the [Claimant] denied saying anything inappropriate to the inmate.

After a careful review of the testimony and the documentary evidence in the record, the referee finds the [Employer] has failed to meet [its] burden. Although the referee understands the [Employer's] concerns that the [Claimant] should institute a suicide watch in reference [to] inmates where [an] inmate threatens to commit suicide, nevertheless, the referee finds the [Employer] failed to provide any first-hand witnesses to substantiate that the inmate threated to commit suicide and that the [Claimant] failed to institute a suicide watch in response to the alleged suicide. While the referee does not disagree with the [Employer's] right to terminate the [Claimant], the referee finds the [Claimant's] actions do not rise to the level of willful misconduct.

Referee's Op. at 2-3.

On appeal, the Board affirmed. In its decision, the Board stated: "[Employer] established that [Claimant] is unable to obtain a security clearance from one of [its] clients. However, [Employer] failed to demonstrate through competent evidence any willful misconduct on [the] part of [Claimant]." Bd.'s Op., 1/18/18, at 1. Employer petitions for review.[2]

---

[2] Our review is limited to determining whether the Board's necessary findings of fact were supported by substantial evidence and whether the Board erred as a matter of law or violated constitutional rights. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth. 2014).

4

## II. Discussion

### A. Argument

On appeal, Employer contends the Board erred in failing to find it met its burden of proof in showing Claimant was not able and available for suitable work under Section 401(d)(1), (2)[3] of the Law, 43 P.S. §801(d)(1), (2). Section 401(d)(1) provides in pertinent part:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>
> * * * *
>
> (d)(1) Is able to work and available for suitable work
> ….

43 P.S. §801(d)(1).

Employer asserts Claimant's ability to maintain her security clearance at the Facility constituted a condition of her employment. Employer established that only the warden could grant or rescind Claimant's security clearance. Here, the referee found the warden revoked Claimant's security clearance based on an allegation by the Facility that Claimant failed to place an inmate on suicide watch after the inmate threatened to commit suicide. F.F. Nos. 9, 10. Employer argues it clearly established that Claimant was not able and available for suitable work as

---

[3] Section 401(d)(1), (2) provides that no otherwise eligible claimant shall be denied benefits for any week in which her unemployment is due to her exercising the option of accepting a layoff from an available position pursuant to a labor management contract or an established employer plan, program or policy. 43 P.S. §801(d)(1), (2). This provision is clearly irrelevant to this case, which does not involve a layoff pursuant to a plan, program or agreement.

required by Section 401(d)(1). Employer therefore maintains the Board's determination of eligibility conflicts with the referee's findings and is contrary to law. Employer requests that we reverse the Board's order and hold that Claimant is ineligible for UC benefits under Section 401(d)(1).

In response, the Board raises several issues. First, the Board asserts Employer fails to challenge the Board's determination that Employer did not prove that Claimant committed willful misconduct. In particular, Employer did not challenge any finding of fact regarding the nature of Claimant's separation. Unchallenged findings are binding on appeal. Munski v. Unemployment Comp. Bd. of Review, 29 A.3d 133 (Pa. Cmwlth. 2011).

Further, the Board maintains Employer did not challenge its conclusion that Employer failed to prove willful misconduct. Therefore, the Board asserts Employer waived any challenge to the willful misconduct determination. Undeveloped arguments are considered waived. Rapid Pallet v. Unemployment Comp. Bd. of Review, 707 A.2d 636 (Pa. Cmwlth. 1998).

The Board also argues Employer waived the issue of Claimant's ability and availability to work by failing to raise it before the referee. With respect to hearings before a referee, Section 101.87 of the Department's regulations provides (with emphasis added):

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider

6

the issues expressly ruled upon in the decision from which the appeal is filed. However, any issue in the case may, <u>with the approval of the parties</u>, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

34 Pa. Code §101.87.

In its appeal, Employer alleged "the application of the relevant law, as set forth in the Notice of Determination, was in error." <u>See</u> C.R. Item #7 (Appeal of Notice of Determination, 7/19/17 at 1). However, the Board asserts, Employer did not mention Section 401(d)(1) of the Law in its appeal. The Board further claims Employer failed to raise a Section 401(d)(1) issue at any point during the referee's hearing. The Board argues Employer waived the Section 401(d)(1) issue. <u>See</u> <u>Dehus v. Unemployment Comp. Bd. of Review</u>, 545 A.2d 434 (Pa. Cmwlth. 1988) (a party waives review of an issue in a UC proceeding by failing to raise it before the referee).

Further, with respect to appeals to the Board, Section 101.107(a) of the Department's regulations provides that issues not previously raised or considered will not be reviewed by the Board "unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby …." 34 Pa. Code §101.107a. In addition, Subsection (b) provides (with emphasis added):

> (b) The Board shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case, <u>with the approval of the parties</u>, may be determined though not expressly ruled upon or indicated in the notice of hearing, if the speedy

7

> administration of justice, without prejudice to any party, will be substantially served thereby ….

34 Pa. Code §101.107(b).

Here, the referee did not address the issue of Claimant's ability and availability to work for purposes of eligibility under Section 401(d)(1), and Claimant never consented to a review of a Section 401(d)(1) challenge. Accordingly, the Board asserts Claimant would have been prejudiced if it ruled on an issue not initially decided by the Department. Turgeon v. Unemployment Comp. Bd. of Review, 64 A.3d 729 (Pa. Cmwlth. 2013); Libonate v. Unemployment Comp. Bd. of Review, 426 A.2d 247 (Pa. Cmwlth. 1981). The Board contends it properly limited its review to the willful misconduct issue.

Alternatively, the Board argues, even assuming Claimant's ability and availability for work were at issue, Employer presented insufficient evidence to disqualify Claimant under Section 401(d)(1). To be eligible for UC benefits, a claimant must be ready, willing and able to accept either temporary or permanent suitable employment by another employer and be currently attached to the labor force. Craig v. Unemployment Comp. Bd. of Review, 442 A.2d 400 (Pa. Cmwlth. 1982). If the claimant is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity of her residence, she is attached to the labor force. Unemployment Comp. Bd. of Review v. Patsy, 345 A.2d 785 (Pa. Cmwlth. 1975).

An unemployed worker who registers for UC benefits is presumed able and available for work. Penn Hills Sch. Dist. v. Unemployment Comp. Bd. of

8

<u>Review</u>, 437 A.2d 1213 (Pa. Cmwlth. 1981). It is not necessary that an actual vacancy exists, only that the market exists. <u>Id.</u> In other words, "[t]here is no requirement [anywhere in the Law] that a claimant shall be available for work in any particular place, such as the locality where [she] earned [her] wage credits or where [she] last worked or resided." <u>Bliley Elec. Co. v. Unemployment Comp. Bd. of Review</u>, 45 A.2d 898, 905 (Pa. Super. 1946) (emphasis added).

The presumption of ability and availability for work may be rebutted by evidence showing the claimant's physical condition limits the type of work she is available to accept or that she voluntarily placed other restrictions on the job she is willing to accept. <u>Rohde v. Unemployment Comp. Bd. of Review</u>, 28 A.3d 237 (Pa. Cmwlth. 2011). Here, the Board asserts, Claimant indicated in her application for UC benefits that she was able to work and available to work. <u>See</u> C.R. at Item #2 (Initial Internet Claim). Employer did not show Claimant was subject to any conditions or restrictions regarding her ability and availability to work. Rather, Employer only established Claimant could no longer work at the Facility because the warden revoked her security clearance. However, Employer failed to show any condition or restriction prohibiting Claimant from performing some type of work for any other employer. Therefore, the Board argues Employer's evidence could not establish Claimant was ineligible for benefits under Section 401(d)(1) of the Law. <u>Rohde</u>; <u>Craig</u>; <u>Patsy</u>; <u>Bliley</u>.

## 2. Analysis

Based on our review of the hearing transcript, we cannot agree with the Board's assertion that Employer failed to raise the issue of whether Claimant

9

was able and available for work for purposes of eligibility for UC benefits under Section 401(d)(1) of the Act. To begin, we note that after Supervisor testified that the warden notified her that Claimant could not return to work because her security clearance was pulled, the referee asked if continuing work was available for Claimant anywhere. See Referee's Hr'g, Notes of Testimony (N.T.), 8/22/17, at 21; Reproduced Record (R.R.) at 22a. Thereafter, Employer's counsel stated (with emphasis added):

> [Claimant] was discharged. [T]he issue for today is whether or not a security clearance was cleared – was pulled and whether [Claimant] was available for work, and whether there was any other available work. That's all been answered. Anything else is – is irrelevant.

N.T. at 23; R.R. at 24a.

In response, Claimant's counsel inquired whether Employer could relocate Claimant to the Lackawanna County Prison, where it also had a contract. N.T. at 23-24; R.R. at 24a-25a. The referee overruled Employer's relevance objection on the ground that the line of questioning pertained to the availability of work. Id. Supervisor testified Claimant previously worked for Employer at the Lackawanna County Prison and had a security clearance there. Id. Ultimately, Supervisor testified there were no open positions at the Lackawanna facility. Id.

Further, Employer's counsel argued in his closing statement that Employer met its burden of proof by establishing the Facility's warden pulled Claimant's security clearance and that no other work was available to Claimant. See N.T. at 31; R.R. at 32a. In short, Employer explicitly argued that Claimant's

10

security clearance at the Facility constituted a condition of her employment. N.T. at 32; R.R. at 33a.

In sum, our review of the record indicates that Employer sufficiently raised the issue of Claimant's eligibility for UC benefits based on her availability for work without specifically mentioning Section 401(d)(1) at the hearing. Claimant raised no beyond-the-scope objection to the issue. Having determined Employer sufficiently raised the issue of Claimant's eligibility for UC benefits based on her ability and availability for work, we hold Employer preserved this issue for appellate review by the Board. Consequently, the Board's argument that Employer waived this issue fails.

Further, in its appeal to Board, Employer attached a letter asserting that it met its burden of proving that Claimant was not able and not available for suitable work under Section 401(d)(1), and that the referee mistakenly issued his determination under Section 402(e). C.R. at Item #13 (Employer's Appeal, Attached Letter, 9/7/17, at 2); Pet'r's Br., Ex. C.

Therefore, based on our review of the record, we hold Employer sufficiently raised the issue of Claimant's eligibility for UC benefits under Section 401(d)(1) in its argument before the referee and in its appeal to the Board. However, neither the referee nor the Board ruled on Claimant's eligibility under Section 401(d)(1). Ordinarily, a remand to the Board would be necessary in order to provide both parties an opportunity to be heard on the Section 401(d)(1) issue. Turgeon; Libonate.

11

Here, however, Employer seeks a reversal based on the record, not a remand. Employer argues the referee made the necessary findings of fact to unequivocally demonstrate that Claimant was not able and available for suitable work. See Pet'r's Br. at 7. In particular, Employer asserts that Findings of Fact Nos. 9, 10 and 12 are sufficient to establish that the warden, following an investigation, revoked Claimant's security clearance. Therefore, Claimant could no longer enter the Facility. Employer further asserts the evidence shows there was no other suitable work available to Claimant. Consequently, Employer argues it must be found that Claimant was not able or available for suitable work under Section 401(d)(1).

Because Employer's argument is based on a fundamental misinterpretation of the threshold eligibility requirements in Section 401(d)(1) of the Law, a remand to the Board for further proceedings is unnecessary. Section 401(d)(1) provides that compensation shall be payable to any employee who is or becomes unemployed and is able and available for suitable work. 43 P.S. §801(d)(1); Rohde. An unemployed worker who registers for UC benefits is presumed to be able and available for work. Rohde (citing Penn Hills).

To rebut this presumption, the evidence must show that the claimant's physical condition limits the type of work that is available to her or that she voluntarily placed other restrictions on the type of work she is willing to accept. Rohde. Essentially, the real question is whether the conditions on the claimant's employment, whether voluntarily imposed or not, so limit her availability to work as to effectively remove her from the labor market. Id.

12

As noted above, Claimant indicated in her application for UC benefits that she was able to work and available to work. See C.R. at Item #2 (Initial Internet Claim). As such, Claimant was entitled to a presumption that she is able and available for suitable work. Rohde.

Employer, relying on its own interpretation of Section 401(d)(1) rather than the applicable case law, made no attempt to establish that any physical or voluntarily imposed conditions or restrictions rendered Claimant unable or unavailable to perform any type of suitable work. Rather, Employer established only that Claimant could no longer work at the Facility because the warden revoked her security clearance. However, contrary to Employer's mistaken belief, Section 401(d)(1) does not require that Claimant be able to return to her nursing position at the Facility in order to consider Claimant able and available for suitable employment. Rohde; Penn Hills; Bliley.

Therefore, the Facility's revocation of Claimant's security clearance, which prevents her from returning to her former position, does not render Claimant, a licensed practical nurse, unable or unavailable to perform suitable work for any other employer. Accordingly, we reject Employer's contention that the findings and the evidence support a determination that Claimant was ineligible for benefits under Section 401(d)(1) of the Law. Rohde; Craig; Patsy.

As a result, we affirm the Board on the alternative ground that neither the adopted findings nor the evidence support Employer's contention that Claimant

13

was not able or available to perform suitable work as required by Section 401(d)(1) of the Law.[4]

_____

ROBERT SIMPSON, Judge

_____

[4] We may affirm a decision of the Board on any ground, without regard to the basis relied upon by the Board. <u>Giant Eagle, Inc. v. Unemployment Comp. Bd. of Review</u>, 700 A.2d 600 (Pa. Cmwlth. 1997).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Correctional Care, Inc.,            :
                  Petitioner     :
                                        :
              v.                    :    No. 207 C.D. 2018
                                        :
Unemployment Compensation      :
Board of Review,                     :
                     Respondent   :

# **O R D E R**

**AND NOW**, this 7th day of January, 2019, for the reasons stated in the foregoing opinion, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge