Brocker Mfg. and Supply Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 14, 1985, before Judges Mac-PHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael E. Bortner, Blakey, Yost, Bupp & Kilgore,* for petitioner.

*Donna M. Stanek,* with her, *James K. Bradley,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 5, 1986:

Brocker Manufacturing and Supply Company (Employer) appeals from the decision of the Unemployment Compensation Board of Review (Board) which reversed the decision of the referee and awarded benefits to Paul L. Eichelberger (Claimant).

Claimant worked for Employer as a truck driver until November 11, 1982, when he was discharged for stealing diesel fuel from his company truck. Claimant was denied benefits by the Office of Employment Security, and, after a hearing in which conflicting evidence was presented, the referee upheld that determination, finding that Claimant's misappropriation of diesel fuel constituted willful misconduct under Sec-

tion 402(e) of the Unemployment Compensation Law.[1] Upon further appeal, the Board reversed without taking additional evidence, finding that Claimant had not misappropriated diesel fuel from his Employer.

Employer brings the present appeal to this Court arguing primarily that the referee's findings were well-supported by the evidence, and should not have been rejected by the Board. Employer cites *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982), for the proposition that the Board cannot ignore the referee's findings when they are supported by "overwhelming evidence." The *Treon* holding was recently distinguished by the Supreme Court in the decision of *Peak v. Unemployment Compensation Board of Review*, Pa. , 501 A.2d 1383 (1985). In *Peak* the Supreme Court addressed a similar argument that *Treon* requires the Board to defer credibility determinations to the referee or explain why it refused to adopt them. The Court rejected this argument, distinguishing the *Treon* holding:

Treon involved the Board's rejection of a referee's finding based on uncontradicted evidence. Here, the evidence of appellant's misconduct was conflicting. Appellant's more general argument disguises an attack on the settled interpretation of Section 504 of the Act,[2] . . . which we have consistently held makes the Board the ultimate finder of fact with the power to substitute its judgment for that of its referees on disputed facts. Without a legislative change in this section of the law, we are not inclined to disturb its settled meaning.

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] 43 P.S. §824.

*Id.* at     , 501 A.2d at 1385. Thus, it is clear from *Peak* that the applicability of *Treon* has been limited to cases in which there is uncontradicted evidence, and that the Board retains its power to make its own credibility determinations on disputed issues of fact.

In the present case, Employer submitted documentary evidence which attempted to show that Claimant's truck used an unusually excessive amount of fuel on certain southbound trips, and that on such trips Claimant had stopped his truck in the vicinity of his house.[3] Employer also presented evidence that on one occasion, Claimant placed an empty gasoline can in his truck when he began his trip, but did not have it on his truck when he arrived at his final destination. Claimant responded with his own testimony in which he specifically denied ever having appropriated diesel fuel for his own use. Claimant testified that he had no idea why the truck used more fuel on southbound trips, but explained that on such trips he often stopped at or near his home for his lunch break. Finally, Claimant denied ever having placed an empty gasoline can in his truck.

Claimant's testimony contradicted the circumstantial evidence presented by the Employer, and it was within the authority of the Board as the ultimate finder of fact to resolve this factual dispute.

Employer contends that the Board erred in reversing without giving any reason for rejecting the referee's findings. We note that the Board did give its reasons when it stated that there was not "sufficient, competent evidence" in the record to substantiate the

---

[3] Employer's document was a "summary" prepared by Employer's witness which included copies of fuel reports, driver's logs, and tachograph charts, all of which were intended to show the approximate time and location of Claimant's truck stops. The tachograph charts were objected to as hearsay, because the witness had not himself prepared them.

allegation of misappropriation of Employer's property.[4] In any event, it is clear from the *Peak* case that the Board is not required to give its reasons for reversing a referee's decision where there has been conflicting evidence presented.    Pa. at    , 501 A.2d 1387.

For the foregoing reasons, we conclude that the Board did not err in substituting its own findings for those of the referee.    Accordingly, we affirm the Board's order reversing the referee's finding of willful misconduct.

ORDER

Now, February 5, 1986, the Order of the Unemployment Compensation Board of Review, No. B-216493, dated March 31, 1983, is hereby affirmed.

---

[4] In its brief the Board contends that Employer's evidence was insufficient because it was entirely circumstantial, and was based upon documents which were hearsay and which lacked the proper foundation for admission into evidence.