# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa Stanish,                   :
             Petitioner        :
                                  :
             v.                    : No. 1683 C.D. 2016
                                  : Submitted: March 17, 2017
Unemployment Compensation    :
Board of Review,                  :
             Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                      FILED: June 7, 2017

        Melissa Stanish (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that Claimant is ineligible for benefits under the Unemployment Compensation Law (Law).[1] The Board ruled Claimant ineligible under Section 402(e) of the Law, 43 P.S. §802(e),[2] because she did not disclose all of her prior criminal convictions when she applied for her job with her former employer. In doing so, the Board reversed the decision of the Referee, who found that Claimant's non-disclosure did not constitute disqualifying willful misconduct. We vacate the Board's order and remand.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-918.10.

[2] Section 402(e) states that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work ...." 43 P.S. §802(e).

Claimant worked as a personal care aide for Just Like Family Home (Employer), a home health care services provider, from June 1, 2016, until she was discharged on June 16, 2016. The stated reason for Claimant's discharge was that a background check revealed "multiple charges" that Claimant "did not disclose … on her application or when asked during [the] interview process." Certified Record Item No. 4 (C.R. __), at 1. Claimant applied for unemployment compensation benefits. The UC Service Center denied her claim, finding her ineligible under Section 402(e) of the Law. Claimant appealed and a hearing was held by the Referee.

Anthony Miller, Employer's president, testified that Claimant was suspended and later discharged for failing to disclose all of her prior criminal convictions when she applied for her job. The job application asked, "have you ever been convicted of a felony or misdemeanor?" C.R. 10, Exhibit 10, at 1. Claimant circled "YES" and wrote "Misdemeanor in 1991 for bad checks." *Id*. The application also contained a certification, signed by Claimant, that

> all of the information provided in this application is correct. I have not misrepresented any facts, nor have I failed to provide you with any information that is necessary in evaluating my possible employment with [Employer]. I understand that, if employed, falsified statements on this application shall be grounds for dismissal.

*Id*. at 2. Miller testified that a criminal background check revealed eight additional misdemeanor convictions that included theft by deception and conspiracy to commit theft. Miller explained that this additional information concerned Employer for two reasons. First, Employer provides in-home nursing care to the elderly, who are susceptible to theft by deception, and, thus, prefers not to employ

2

individuals who have committed that offense. Second, at the time Claimant applied for her job, Employer was prohibited by law from hiring someone with Claimant's record.[3] Miller was aware that Claimant believed her convictions had been expunged, and told her if that was true and she could produce a clean background check he would consider her for employment. Nevertheless, Miller testified that he decided to discharge Claimant because he could not send a person with her criminal record into an elderly person's home.

Claimant acknowledged that she disclosed only her 1991 misdemeanor conviction for writing bad checks when she applied for her job with Employer. She testified that she did not disclose the other convictions that sprang from the same offense, because her attorney and probation officer both assured her that those convictions would be expunged when she completed her sentence. Claimant testified that she had been the subject of numerous background checks and employment clearances over the years and all of them indicated she had "no record." Notes of Testimony, August 5, 2016, at 14 (N.T. __). Claimant testified that she did not misrepresent her criminal history "because I was actually told that I could truthfully you know disregard [the convictions] and not disclose them because of my sentencing agreement." *Id.* at 15.

The Referee found that Claimant did not deliberately misrepresent her criminal history, although she could have been more forthcoming. She did, in fact,

---

[3] The law has since changed. In *Peake v. Commonwealth*, 132 A.3d 506 (Pa. Cmwlth. 2015), this Court struck as unconstitutional a provision in the Older Adults Protective Services Act, Act of November 6, 1987, P.L. 381, *as amended*, 35 P.S. §§10225.101 – 10225.5102, which imposed a lifetime ban for people convicted of certain enumerated offenses from working in care of older adults. Miller acknowledged this change in the law but stated that hiring decisions are the province of the employer.

3

disclose one conviction arising from the same offense. The Referee also found that Employer did not establish that the charges were material to Claimant's qualification for the position of personal care aide. The Referee further noted that the charges had been filed more than 20 years ago and no longer disqualified Claimant from working with the elderly under state law.[4] For these reasons, the Referee concluded that Claimant did not commit willful misconduct and, therefore, was not ineligible for benefits under Section 402(e) of the Law. Employer appealed.

On appeal, the Board reversed the Referee's decision. Crediting Miller's testimony, the Board found that Employer established that it required applicants for employment to complete an application with full disclosure of previous convictions. The Board noted that the application did not contain an exception for expunged convictions. The Board further explained:

> The Board specifically discredits the claimant's testimony that she thought she was not under an obligation to disclose the previous criminal convictions for theft-related offenses. Moreover, the Board rejects the claimant's argument that it was unreasonable to require her to disclose the previous convictions. Instead the Board finds that the claimant knew the convictions were on her record. The claimant purposely did not disclose the prior convictions. The claimant was not truthful on her application. The claimant did not show good cause for her actions.

Board Adjudication at 3. The Board concluded that Claimant's omission in her criminal history was material to her employment with Employer. Accordingly, the

---

[4] *See* fn. 3, *supra*.

4

Board held that Claimant's willful misconduct rendered her ineligible for benefits under Section 402(e) of the Law. Claimant petitioned for this Court's review.

On appeal,[5] Claimant argues that the Board erred in holding that she committed willful misconduct by not disclosing the additional convictions discovered by Employer in its background check. Claimant asserts that she had good cause for her non-disclosure because her attorney and probation officer advised her that the convictions would be expunged and she would not need to disclose them in the future. To support her claim that she justifiably relied on the advice of her attorney and probation officer, Claimant points to her testimony that other background checks came back "clean." Claimant emphasizes that she disclosed the one conviction she thought had not been expunged.

In an unemployment compensation case, "the Board is the ultimate fact-finder and is empowered to make credibility determinations." *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). The Board's discretion is not unlimited. In *Treon v. Unemployment Compensation Board of Review*, 453 A.2d 960 (Pa. 1982), the claimant refused to continue his employment as a bricklayer after his employer assigned him to a job site 300 miles from his home. In ruling that the claimant quit with necessitous and compelling cause, the referee found as fact that the claimant had alleged the commute was too long and cost-prohibitive, and expressed concern that work might not be steady due to anticipated weather conditions. *Id.* at 962. On appeal,

---

[5] "Our scope of review is limited to a determination of whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

the Board neither adopted that factual finding nor asserted that it was not credible or unsupported by evidence. On further appeal, our Supreme Court held:

> The Board certainly had the right to disbelieve [the claimant's] testimony, even though that testimony was uncontradicted.… Nevertheless, the Board did not have the right to arbitrarily and capriciously disregard the findings of the referee after the referee had listened to the testimony of the only witness and observed his demeanor, and had made findings of fact based upon that uncontradicted testimony.…
>
> If particular findings are inconsistent, incredible or unsupported by the evidence, then the Board must so indicate. The Board may not, however, simply disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so.

*Id*. (citations omitted).[6]

Here, Claimant asserted that she had good cause for not disclosing the 1992 convictions because she believed they had been expunged. Without expressly stating so, the Referee credited this testimony, which was uncontradicted, in finding that Claimant did not deliberately misrepresent her criminal record.[7] The Board discredited Claimant's testimony without stating its reasons for doing so, as required by *Treon*. Accordingly, we vacate the Board's

---

[6] Conversely, the Board is not required to give its reasons for reversing a referee's decision where conflicting evidence has been presented. *Brocker Manufacturing & Supply Company, Inc. v. Unemployment Compensation Board of Review*, 504 A.2d 413, 414 (Pa. Cmwlth. 1986) (citing *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1385 (Pa. 1985)).

[7] Claimant's state of mind is crucial to the outcome of her appeal since benefits are properly denied "when a claimant's discharge stems from a false or incomplete statement on an employment-related application document *if the misrepresentation is knowing* and material to the employee's qualifications for the job at issue, regardless of whether the misrepresentation pertains to a specific job prerequisite." *Sill-Hopkins v. Unemployment Compensation Board of Review*, 563 A.2d 1288, 1290 (Pa. Cmwlth. 1989) (emphasis added).

order and remand for it to issue a new adjudication on Claimant's appeal that explains the basis for its credibility determination.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melissa Stanish, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1683 C.D. 2016 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 7th day of June, 2017, the order of the Unemployment Compensation Board of Review, dated September 29, 2016, is VACATED and the above-captioned matter is REMANDED for further proceedings in accordance with the attached opinion. Jurisdiction is relinquished.

_____
MARY HANNAH LEAVITT, President Judge